IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § |
| *Plaintiff*, | § § § |
| v. | § § |
| | §  CIVIL ACTION NO. _____ |
| JC WINGS ENTERPRISES, LLC d/b/a BAYOU CITY WINGS | § § § § |
| *Defendant*. | §  **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

**1.** This is an action under Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex and provide appropriate relief to Maryann Castillo ("Castillo" or "Charging Party") and a class of similarly situated female employees who were adversely affected by such practices. Defendant unlawfully discriminated against the Charging Party and certain other female employees by subjecting them to unlawful disparate treatment and termination of employment due to pregnancy in violation of the Pregnancy Discrimination Act. These allegations are discussed in greater particularity in paragraphs 10 through 16 below.

## JURISDICTION AND VENUE

**2.** Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

1

3. Venue is proper within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

4. The employment practices alleged to be unlawful were committed in Baytown, Texas and the metropolitan area of Houston, Harris County, Texas, which are within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

## PARTIES

5. Plaintiff Equal Employment Opportunity Commission ("Plaintiff" or the "Commission") is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. Sections 2000e-5(f)(1) and (3).

6. At all relevant times, Defendant JC Wings Enterprises, LLC d/b/a Bayou City Wings ("Bayou City Wings") has continuously been a Texas limited liability company doing business in the State of Texas, the Cities of Baytown and Houston, and Harris County, Texas, and has continuously had at least fifteen (15) employees. Defendant Bayou City Wings may be served with process by serving its registered agent for service of process, Michael Gary Orlando, Meyer Knightt & Williams, LLP, 8100 Washington Ave., Suite 1000, Houston, Texas 77007.

7. At all relevant times, Defendant Bayou City Wings has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-(b), (g) and (h).

## CONCILIATION

8. More than thirty days prior to the institution of this lawsuit, Ms. Castillo filed a charge of discrimination with the Commission alleging violations of Title VII and the Pregnancy

Discrimination Act by Defendant. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below, and to effect voluntary compliance by Defendant with Title VII and the Pregnancy Discrimination Act through informal methods of conciliation, conference, and persuasion within the meaning of Section 706(b) of Title VII, 42 U.S.C. § 2000e-5(b). All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

9. Defendant Bayou City Wings owns and operates restaurants located in Baytown, Texas and the Houston, Texas Metropolitan area.

10. Since at least October 2008, Defendant has engaged in unlawful employment practices on the basis of sex and pregnancy in violation of Sections 701 and 703(a)(1) of Title VII, 42 U.S.C. §§ 2000e(k) and 2000e-2(a)(1).

11. At all relevant times, Defendant maintained an employee manual or handbook that included a written company policy that mandated the lay-off or unpaid leave of female employees after the third month of pregnancy ("pregnancy policy"). The pregnancy policy was part of Defendant's standard operating procedure and was enforced as a condition of employment. Managers of Defendant's restaurants were required to and did enforce the pregnancy policy, and the policy was disseminated and discussed during new hire orientation and training. One of Defendant's stated reasons for the pregnancy policy, as set forth in the policy itself, is the protection of the "the safety of an unborn child." Bayou City Wings management has indicated that to keep a pregnant employee at work any longer would be irresponsible in respect to the safety of the employee's child.

12. Ms. Castillo was employed by Defendant from in or about October 2008 to on or about May 28, 2011, when she was laid off due to her pregnancy. At various times during her employment, Ms. Castillo performed the jobs of server, bartender and manager for Defendant.

13. In March 2011, Ms. Castillo was asked by Defendant's District Manager to provide a medical release authorizing her to continue to work during her pregnancy. Ms. Castillo had not informed Defendant about the fact of her pregnancy. In response to Defendant's request, Ms. Castillo provided a doctor's note that indicated she could work up to the 36th week of her pregnancy and there were no restrictions on her ability to work. Nonetheless, Ms. Castillo was laid off by Defendant because of her pregnancy when she was approximately six (6) months pregnant.

14. At or around the time of her lay-off, Ms. Castillo was informed by Defendant's management that Bayou City Wings' customers preferred to not be waited on or served by pregnant employees. Management also told Ms. Castillo that her lay-off would serve as an example to show other employees that pregnant employees are, in fact, laid off or forced to take unpaid leave under Defendant's pregnancy policy.

15. There are at least eight (8) female employees of Bayou City Wings who were laid off their jobs or forced to take unpaid leave because of their pregnancies and the company's pregnancy policy during the relevant time period. Accordingly, similarly situated female employees were subjected to Defendant's unlawful pregnancy policy and disparate treatment discrimination in violation of the Pregnancy Discrimination Act and Title VII.

16. Ms. Castillo and the other female employees are members of a class of employees who were subjected to an unlawful workplace policy and disparate treatment discrimination, as

well as different terms and conditions of employment than male employees, because of their sex, female, and their pregnancies.

17. The effect of these unlawful practices has been to deprive Ms. Castillo and other female employees of equal employment opportunities, and to otherwise adversely affect their status as employees because of their sex, female, and their pregnancies.

18. The unlawful employment practices complained of above were intentional.

19. The unlawful employment practices complained of above were done with malice or reckless indifference to the federally protected rights of Ms. Castillo and other, similarly situated female employees, in violation of Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with Defendant, from engaging in sex discrimination, and any other employment practice which discriminates on the basis of sex or pregnancy.

B. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with Defendant, from engaging in retaliation against employees who make good-faith complaints of discrimination or who otherwise oppose discriminatory conduct.

C. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for applicants and employees regardless of their sex or

pregnancy, and which eradicate the effects of Defendant's past and present unlawful employment practices.

      D.      Order Defendant to make whole Maryann Castillo and other similarly situated female employees who were victimized by unlawful sex and pregnancy discrimination by providing appropriate back pay with prejudgment and post-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, reinstatement where appropriate or an award of front pay in an amount to be proved at trial if reinstatement is impractical.

      E.      Order Defendant to make whole Maryann Castillo and other similarly situated female employees who were victimized by unlawful sex and pregnancy discrimination, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 10-16, above, including medical expenses, the value of lost insurance benefits, and job search expenses, in an amount to be determined at trial.

      F.      Order Defendant to make whole Maryann Castillo and other similarly situated female employees who were victimized by unlawful sex and pregnancy discrimination by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 10-16, above, including emotional pain and suffering, in an amount to be determined at trial.

      G.      Order Defendant to pay Maryann Castillo and other similarly situated female employees who were victimized by unlawful sex and pregnancy discrimination punitive damages for their malicious and reckless conduct described in paragraphs 10-16, in amounts to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

Pursuant to Federal Rules of Civil Procedure 38 and 39, Plaintiff requests a jury trial on all issues raised in the instant Complaint which may be tried by a jury.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

P. DAVID LOPEZ
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
1801 L. Street, N.W.
Washington, D.C. 20507


 /s/ Connie K. Wilhite
CONNIE K. WILHITE
Senior Trial Attorney
Attorney-in-Charge

Texas Bar No. 00792916
Southern Dist. of Texas No. 23624
U.S. Equal Employment Opportunity Commission
1201 Louisiana Street, Suite 600
Houston, Texas 77002
(713) 651-4976
(713) 651-7995 [facsimile]
connie.wilhite@eeoc.gov

OF COUNSEL:

JIM SACHER
Regional Attorney

ROSE ADEWALE-MENDES
Supervisory Trial Attorney

U.S. Equal Employment Opportunity Commission
1201 Louisiana Street, Suite 600
Houston, Texas 77002